Case 4:24-cv-00128   Document 7   Filed on 01/25/24 in TXSD   Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
January 25, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES ALLAN WEIGEL, (Inmate # 00635829), | § § § | |
| Plaintiff, | § § | |
| vs. | § | CIVIL ACTION NO. H-24-128 |
| LORI CHAMBERS GRAY, *et al.*, | § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

James Allan Weigel is an inmate in the custody of the Harris County Jail. Representing himself and proceeding without prepaying the filing fee, Weigel sues the Honorable Lori Chambers Gray, the Honorable Jason Cox, and former Harris County District Court Judge Mark Kent Ellis under 28 U.S.C. § 1983, alleging that they have violated his constitutional rights. (Docket Entry No. 1). Weigel's complaint is governed by the Prison Litigation Reform Act (PLRA), which requires the court to screen complaints filed by prisoners seeking relief from the government as soon as feasible after docketing and dismiss those claims that are frivolous, malicious, or that fail to state a claim upon which relief can be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a); *see also* 28 U.S.C. § 1915(e) (providing for the screening of suits filed by persons proceeding without prepaying the filing fee). Having conducted the required screening of Weigel's complaint, the court dismisses this action, for the reasons explained below.

**I.   Background**

Publicly available records show that Weigel is currently in the Harris County Jail pending trial on a single criminal charge. *See* Case Search, www.hcdistrictclerk.com (last visited Jan. 19,

2024). In his complaint and accompanying memorandum of law, Weigel alleges that Judge Gray, Judge Cox, and Judge Ellis[1] did not have subject-matter jurisdiction over him when they imprisoned him and ordered him held on state criminal charges because he is a "sovereign citizen" who is not subject to the laws of either the State of Texas or the United States. (Docket Entry Nos. 1, p. 4; 2, pp. 1-29). He alleges that Judge Gray, Judge Cox, and Judge Ellis refused to free him despite him telling them that they did not have jurisdiction over him as a sovereign citizen. (Docket Entry No. 2, p. 2). He also alleges that Judge Gray, Judge Cox, and Judge Ellis each agreed to pay his legal fees for the time he has spent "thinking about this case" and that they each owe him "900 trillion tons of gold." (*Id.* at 14). As relief, Weigel seeks his release from jail and payment of his accrued "legal fees." (Docket Entry No. 1, p. 4). He also asks this court to jail Judge Gray, Judge Cox, and Judge Ellis based on their breach of contracts they allegedly made with him. (*Id.*).

**II.     The Legal Standards**

    **A.     Actions Under 42 U.S.C. § 1983**

Weigel sues Judge Gray, Judge Cox, and Judge Ellis under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). When the facts alleged by the

---

[1] Although Judge Ellis is no longer serving as a Harris County District Court judge, Weigel's allegations arise from actions taken when Judge Ellis was serving as a judge. The court refers to Judge Ellis by his former title in this opinion.

plaintiff, taken as true, do not show a violation of a constitutional right, the complaint is properly dismissed for failure to state a claim. *See, e.g., Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam); *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 421 (5th Cir. 2006).

### B. The Prison Litigation Reform Act

The PLRA, which governs Weigel's action, requires the court to examine the legal and factual basis of a prisoner's complaint and dismiss the case if it determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up).

A complaint fails to state a claim upon which relief can be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In reviewing the complaint, the court must construe all allegations "liberally in favor of the plaintiff" and must consider whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). While

3

the court must liberally construe the allegations in favor of the plaintiff, the court reviewing a complaint under § 1915(e) "is not bound . . . to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32.  Instead, a court may dismiss a complaint under § 1915(e) when the allegations are "fanciful," "fantastic," "delusional," or "rise to the level of the irrational or the wholly incredible." *Id.* at 32-33.  If the complaint contains such allegations, it may be dismissed, even before service on the defendants.  *See In re Jacobs*, 213 F.3d 289, 290 (5th Cir. 2000) (per curiam); *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

      **C.**      **Pleadings filed by Self-Represented Litigants**

Weigel is representing himself.  Courts construe pleadings filed by self-represented litigants under a less stringent standard of review.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  But even under this liberal standard, self-represented litigants must still "abide by the rules that govern the federal courts."  *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).  They must also "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal."  *Id.* (cleaned up).

**III.**      **Discussion**

Weigel does not allege whether he sues Judge Gray, Judge Cox, and Judge Ellis in their official capacities, their individual capacities, or both.  The court will address each basis in turn.

4

### A. Official Capacity Claims

#### 1. The Damages Claims

Weigel seeks "900 trillion tons of gold" from Judge Gray, Judge Cox, and Judge Ellis in their official capacities. Among other legal problems with this claim, it is barred by sovereign immunity. Sovereign immunity bars actions against a state or a state official unless Congress has abrogated the immunity or the state has specifically waived its immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Id.* And the State of Texas has not waived its sovereign immunity for purposes of § 1983 actions. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007) ("It is up to the Legislature to institute such a waiver, and to date it has not seen fit to do so."); *see also Putnam v. Iverson*, No. 14-13-00369-CV, 2014 WL 3955110, at *3 (Tex. App.–Houston [14th Dist.] Aug. 14, 2014, pet. denied) (the Texas Legislature has not waived sovereign immunity for any claim brought under § 1983). In the absence of such a waiver, Weigel's claims are barred by the state's sovereign immunity.

The fact that the defendants are state employees, rather than the state itself, does not change this analysis. When a state employee is sued in his or her official capacity, the state is the real party in interest for the suit. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent" and are "treated as a suit against the entity"). Weigel's claims for money damages against Judge Gray, Judge Cox, and Judge Ellis in their official capacities are construed as claims against the State of Texas and are barred by sovereign immunity. These claims are dismissed, with prejudice.

### 2. The Injunctive Relief Claims

Sovereign immunity plays a narrower role in § 1983 claims seeking injunctive relief than in claims seeking damages. When a plaintiff seeks injunctive relief in a § 1983 claim, sovereign immunity protects the state or state officials only when the claims are based on past actions and past violations of federal law rather than when they are based on ongoing actions and continuing violations. *See Green v. Mansour*, 474 U.S. 64, 73 (1985) (citing *Ex parte Young*, 209 U.S. 123 (1908)). "[T]he inquiry into whether suit lies under *Ex parte Young* does not include an analysis of the merits of the claim." *Williams on Behalf of J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 646 (2002)). Instead, to determine whether the plaintiff's claims are barred by sovereign immunity, "a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md.*, 535 U.S. at 645.

#### a. Claims Against Judge Ellis

To the extent that Weigel seeks injunctive relief from the orders entered by Judge Ellis, his claims are barred by *Ex parte Young* because Judge Ellis is no longer serving as a judge and so is no longer confining Weigel. Because Judge Ellis is no longer serving as a judge, Weigel is, by necessity, asking this court to vacate or reverse orders previously entered by Judge Ellis. This request for relief from earlier court rulings seeks redress for past harms rather than protection from ongoing violations of federal law. *See, e.g., Catanach v. Thomson*, 718 F. App'x 595, 598-99 (10th Cir. 2017), *cert. denied*, 138 S. Ct. 1991 (2018) ("Catanach sought relief from past harms, i.e., relief from Thomson's past rulings on his motions for recusal and for summary judgment and his failure to grant an expedited hearing or to require the City to issue a surety bond with its application for an injunction. The district judge was correct—these claims do not allege an

ongoing violation of federal law."); *Bowling v. Evans*, No. 4:18-cv-610-ALM-CAN, 2019 WL 5395564, at *5 (E.D. Tex. Mar. 8, 2019) (the plaintiff's request that the federal court reverse a state appellate justice's prior orders and rulings was a request for retroactive relief). Weigel's request that this court reconsider Judge Ellis's past rulings does not seek prospective relief. The claims for injunctive relief against Judge Ellis in his official capacity are dismissed with prejudice as barred by sovereign immunity.

### b. Claims Against Judge Gray and Judge Cox

To the extent that Weigel seeks injunctive relief from Judge Gray and Judge Cox based on allegations that they are currently violating his due process rights by continuing to confine him without having jurisdiction to do so, he appears to seek prospective relief based on an allegedly on-going violation of his constitutional rights. These claims are not barred by sovereign immunity. But these claims must be dismissed because they are frivolous.

Weigel's only basis for alleging that Judge Gray and Judge Cox lack jurisdiction to confine him on his pending criminal charge is his claim that he is a "sovereign citizen." The sovereign citizen movement is a loose group of American litigants, commentators, tax protesters and financial-scheme promoters. *See* Sovereign Citizens Movement, https://www.splcenter.org/fighting-hate/extremist-files/ideology/sovereign-citizens-movement (last visited Jan. 22, 2024). Sovereign citizens contend that although "they are born and reside in the United States, they are their own sovereigns and are not United States citizens." *Mack v. Sweet*, No. 4:17-cv-00434-O-BP, 2017 WL 6756667, at *3-4 (N.D. Tex. Dec. 4, 2017) (citing *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011)), *report & recommendation accepted*, 2017 WL 6729630 (N.D. Tex. Dec. 28, 2017). Their claims are based on their interpretations of "the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible

verses." *Mason v. Anderson*, No. H-15-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016). But courts have repeatedly rejected claims that litigants claiming to be sovereign citizens are exempt from state and federal laws or are entitled to special protections and procedures based on their alleged "sovereign citizenship." *Id.; see also Watson v. Tx. State Univ.*, 829 F. App'x 686, 686 (5th Cir. 2020) (per curiam) (denying relief on claims based on the "meritless legal theories associated with the sovereign citizen movement"); *United States v. Williams*, 29 F.4th 1306, 1308 (11th Cir. 2022) (courts have "repeatedly rejected" sovereign citizens' "theories of individual sovereignty, immunity from prosecution, and their ilk") (quoting *United States v. Benabe*, 654 F.3d 753, 766-67 (7th Cir. 2011)); *United States v. Taylor*, 21 F.4th 94, 102 (3d Cir. 2021) (recognizing sovereign citizens' right to represent themselves "despite their frivolous beliefs about the law"); *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (describing the arguments of sovereign citizens as "meritless rhetoric"); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (noting that the sovereign citizen defense has no conceivable validity in American law). As a result of this uniform rejection, "[t]hese [sovereign citizen] teachings have never worked in a court of law—not a single time." *Wirsche v. Bank of Am., N.A.*, No. 7:13-cv-528, 2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2013).

Weigel's claims that Judge Gray and Judge Cox do not have jurisdiction over him because he is a sovereign citizen are based on an indisputably meritless legal theory and so are legally frivolous. These claims are dismissed, with prejudice because amendment would be futile.

    **B.**    **The Individual Capacity Claims**

        **1.**    **The Damages Claims**

To the extent that Weigel sues Judge Gray, Judge Cox, and Judge Ellis for damages in their individual capacities, his claims are barred by judicial immunity. While § 1983 provides a remedy

8

for violations of federal law by state officials, *see Nelson v. Campbell*, 541 U.S. 637, 643 (2004), state-court judges are entitled to immunity from damages claims arising out of acts performed in the exercise of their judicial functions. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Mays v. Sudderth,* 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any act performed in a judicial role." *Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983). A plaintiff may overcome judicial immunity only when either (1) the claims allege liability for nonjudicial actions, that is, actions not taken in the judge's judicial capacity, or (2) the claims allege liability for actions that, although judicial in nature, are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12.

In determining whether a judge's actions were "judicial in nature," courts consider "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993). These factors are broadly construed in favor of immunity, and immunity may be granted even though one or more of these factors is not satisfied. *Id.* Allegations that a judge made improper or erroneous rulings are not sufficient to deprive a judge of judicial immunity. *See Mays*, 97 F.3d at 111. Even allegations that rulings were made as a result of bad faith or malice are not sufficient to overcome judicial immunity. *Mireles,* 502 U.S. at 11; *Mays,* 97 F.3d at 111.

Review of Weigel's complaint shows that he does not allege any actions taken by Judge Gray, Judge Cox, or Judge Ellis that were not judicial in nature. He challenges their decisions to

9

detain him after his arrest, to appoint counsel to represent him, and to require him to undergo competency evaluations, but these types of decisions are normal judicial functions. *See, e.g., Davis v. Tarrant County, Tex.*, 565 F.3d 214, 223 (5th Cir. 2009) (the appointment of counsel for indigent defendants is a normal judicial function); *Lights v. Hardin*, No. 4:23-0035, 2023 WL 3166174 (S.D. Tex. Apr. 28, 2023) (ordering competency evaluations is a normal judicial function). Orders of this nature are normally entered either in the courtroom or the judge's chambers, and Weigel affirmatively alleges that many of the actions occurred in the judges' courtrooms. Weigel's claims arise directly out of his pending state criminal case and from courtroom appearances and hearings before Judge Gray, Judge Cox, and Judge Ellis in their judicial capacities. These facts demonstrate that the challenged actions were judicial actions for which Judge Gray, Judge Cox, and Judge Ellis are protected by judicial immunity.

In addition, Weigel does not allege facts showing that Judge Gray, Judge Cox, or Judge Ellis acted in the complete absence of jurisdiction. A judge is immune from suit if there is at least some subject-matter jurisdiction for the judge's action—even if he or she acted in excess of that jurisdiction. *See Malina*, 994 F.2d at 1125. Judge Gray is the district judge for the 262nd District Court for Harris County, Texas. Judge Ellis is the former district judge for the 351st District Court for Harris County, Texas. They had subject-matter jurisdiction over all of the cases in their respective courts. *See* TEX. CONST. art. V, § 8 ("District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body."); *see also Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000) ("A Texas district court . . . is a court of general jurisdiction" and "all claims are presumed to fall within the jurisdiction of the district court unless the Legislature or

Congress has provided that they must be heard elsewhere."). Judge Cox is the presiding judge over Harris County Probate Court #3. *See* Harris County Probate Courts, https://probate.harriscountytx.gov/ (last visited Jan. 22, 2024). He has subject-matter jurisdiction over all of the probate and mental health cases in his court. *See* TEX. ESTATES CODE § 32.002(c) ("In a county in which there is a statutory probate court, the statutory probate court has original jurisdiction of probate proceedings.").

Weigel's allegations that Judge Gray, Judge Cox, and Judge Ellis had and continue to have no jurisdiction over him are contrary to Texas law. And his claim that he is not subject to the jurisdiction of any Texas court because he is a sovereign citizen is legally frivolous. *See, e.g., Thomas v. Creuzot*, No. 3:21-cv-02749-L, 2022 WL 19001972, at *6 (N.D. Tex. Dec. 29, 2022) ("Sovereign citizen legal arguments and theories are not valid in the courts of the United States and have been overwhelmingly rejected for years as frivolous and indisputably meritless." (cleaned up)). Weigel's claims for damages against Judge Gray, Judge Cox, and Judge Ellis in their individual capacities are barred by judicial immunity and are dismissed, with prejudice.

### 2. The Injunctive Relief Claims.

Weigel also appears to seek injunctive relief against Judge Gray, Judge Cox, and Judge Ellis in their individual capacities. Judicial immunity does not bar prospective injunctive relief against a judicial officer acting in a judicial capacity. *See Pulliam v. Allen*, 466 U.S. 522, 536 (1984). But to state a claim for such relief, Weigel must allege that he has no adequate remedy at law and that he is exposed to a serious risk of irreparable harm. *Id.* at 537.

As to his claim against Judge Ellis, Weigel cannot show that he is exposed to a risk of irreparable harm because Judge Ellis is no longer serving as a Harris County District Court judge. *See Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (no irreparable harm exists when the

11

likelihood of future encounters with the same judge are "speculative"). And as to Judge Gray and Judge Cox, Weigel cannot show that he has no adequate remedy at law because the appeals process provides him with an adequate remedy for any alleged constitutional violations. *See Pleasant v. Sinz*, No. 9:15-cv-00166-MHS, 2016 WL 4613359, at *4 (E.D. Tex. Aug. 5, 2016) (the appeals process provides an adequate remedy at law). Weigel's claims for injunctive relief against Judge Gray, Judge Cox, and Judge Ellis in their individual capacities are dismissed, with prejudice because amendment would be futile.

### C. Abstention under *Younger*

Even if Weigel could allege a legally sufficient claim under § 1983 against any of the three defendants, this court would decline to exercise jurisdiction under *Younger v. Harris*, 401 U.S. 37, 54 (1971). *Younger* requires federal courts to decline to exercise jurisdiction over lawsuits when: (1) the federal proceeding would interfere with an "ongoing state judicial proceeding"; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has "an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982).[2]

Weigel's claims meet all three requirements for abstention under *Younger*. Any decision by this court on the propriety of any the rulings made by Judge Gray, Judge Cox, and Judge Ellis would directly interfere with the criminal case currently pending in the Harris County courts. *See Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 717 (5th Cir. 2012) (in determining whether the current

---

[2] Exceptions to *Younger* abstention exist when "(1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it,' or (3) application of the doctrine was waived." *Texas Ass'n of Bus. v. Earle,* 388 F.3d 515, 519 (5th Cir. 2004) (quoting *Younger,* 401 U.S. at 49). Weigel does not allege facts showing that any of these exceptions apply in this case.

federal proceeding would interfere with an ongoing state proceeding, the court considers whether "the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly") (quoting *Joseph A. ex rel. Wolfe v. Ingram,* 275 F.3d 1253, 1272 (10th Cir. 2002)). The State of Texas has an important interest in the integrity of criminal proceedings within its state courts. *See DeSpain v. Johnson*, 731 F.2d 1171, 1176 (5th Cir. 1984) ("The state has a strong interest in enforcing its criminal laws."). And Weigel has an adequate opportunity to challenge the rulings made by, and the conduct of, Judge Gray, Judge Cox, and Judge Ellis within his state proceedings and on appeal if necessary. Even if Weigel's claims were not otherwise barred, this court would decline to consider them under *Younger* and would dismiss this action, with prejudice.

### D. Request for Criminal Charges

Finally, Weigel requests that this court bring criminal charges against Judge Gray, Judge Cox, and Judge Ellis for their actions against him. A private citizen, such as Weigel, cannot bring a federal criminal prosecution or enforce criminal statutes. *See Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021) ("[A] criminal prosecution pits the government against the governed, not one private citizen against another." (quoting *Robertson v. U.S. ex rel. Watson*, 560 U.S. 272, 278 (2010) (Roberts, C.J., dissenting from dismissal of writ of certiorari))). To the extent that Weigel seeks this relief, his complaint is dismissed, with prejudice.

## IV. Conclusion

Weigel's complaint against Judge Gray, Judge Cox, and Judge Ellis, (Docket Entry No. 1), is dismissed with prejudice. All pending motions are denied as moot. Final judgment is separately entered. This dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk

of Court will send a copy of this Memorandum Opinion and Order to the Three-Strikes List Manager at the following email: Three_Strikes@txs.uscourts.gov.

SIGNED on January 25, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge